IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT LEE ALLEN, HH-3434, )
    Petitioner, )
     )
    v. ) 2:15-cv-1332
     )
JOHN DOE, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Robert Lee Allen, an inmate at the State Correctional Institution at Greene has presented a petition for a writ of habeas corpus (ECF No.1) for which he paid the filing fee but was later granted leave to proceed further in forma pauperis (ECF No.12). For the reasons set forth below the petition will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Since Allen has failed to set forth the factual background to his incarceration, the following summary is taken from the answer and exhibits of the respondents. The petitioner was charged with robbery and possessing instruments of crime at No. 8413 of 1997 in the Court of Common Pleas of Allegheny County, Pennsylvania. On November 12, 1997 he was sentenced to 15 to 69 months imprisonment to be followed by three years of county probation (RX 1). On October 6, 1998 he was sentenced to twelve to sixty months incarceration effective April 1, 1998 at No. 84 of 1998 in the Court of Common Pleas of Montour County, Pennsylvania (RX 2). On December 20, 1999 petitioner was paroled on both sentences to a community corrections sentence for a minimum of three months (RX 3). On April 18, 2000, petitioner was recommitted to serve ten months as a technical parole violation for use of drugs and association with persons who sell drugs. On February 14, 2001 petitioner was paroled to the Alle-Kiski Pavilion for further supervision with a parole maximum expiration date of October 6, 2003 (RX 4).

    On April 12, 2001, petitioner escaped from the Alle-Kiski Pavilion (Ex 6) and as a result his parole was suspended (RX 7). On April 16, 2002, Allen was recommitted to serve the

1

unexpired portion of his sentences until their October 6, 2003 expiration (RX 9). He was released on December 29, 2003 to commence his three year Allegheny County probation (RX 10). He failed to report for supervision as required and his whereabouts were unknown until he was arrested on May 7, 2004 (RX 10).

On November 8, 2007 he was sentenced to eighteen to thirty-six month incarceration at CP-02-CR-12659-2005 to be followed by four years on probation and on March 26, 2009 to four to eight years of imprisonment at CP-02-CR-44-2006 (RX 11 and 12) with a minimum release date of December 12, 2012 and a maximum date of December 12, 2016 (RX 13). He was again released on parole on January 3, 2013 (RX 14). Following his arrest on other criminal charges, on November 13, 2013 the Board of Probation and Parole ("the Board") again ordered him recommitted as a technical parole violation pending disposition of the pending criminal charges.

Following his next conviction, on February 28, 2014 Allen was sentenced to ninety days at CP-02-CR-14242-2012 (RX 16). On April 8, 2014, he was recommitted as a convicted parole violation to a consecutive period of six months incarceration (RX 17). On April 14, 2014, another ninety day sentence was imposed at CP-02-CR-14236 (RX 18). On May 20, 2014 the Board established petitioner maximum release date of November 30, 2017 (RX-19). On October 16, 2014, the record was corrected to reflect a maximum release date of December 3, 2017. Following an administrative appeal, on February 10, 2015, the Board explained its calculation (RX 23). On June 1, 2015, parole release was denied and the maximum expiration date of December 3, 2017 was again set forth (RX 24).

Allen now comes before this Court and contends that he continues to remain incarcerated in violation of the due process and equal protection clauses.[1] These claims have not been presented to the Commonwealth courts but in <u>Defoy v. McCullough</u>, 393 F.3d 439, 445 (3d Cir.2005), cert. denied 545 U.S. 1149 (2005) it was held that "we conclude that claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of exhaustion" (footnote omitted).

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. <u>Rogers v. Pennsylvania Board of Probation and Parole</u>, 555 Pa. 285 (1999). In the absence of a state

---

[1] See: Petition at ¶ 12.

mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's conduct both inside and outside the institution and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

The applicable Pennsylvania law is set forth in 61 Pa.C.S.A. §6138(a):

(1) A parolee under the jurisdiction of the board released from a correctional facility, who, during the period on parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty … or to which the parolee pleads guilty or nolo contendere at any time, thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted, and *shall be given no credit for the time at liberty on parole.*(emphasis added).

Thus, the record clearly demonstrates that Allen's continued incarceration is not the result of a violation of any federally protected due process rights. The calculation of Allen's sentence is fully supported by the record here based on his conduct within and without the prison,

Allen also contends that his equal protection rights were violated by the Board. Specifically, he contends that he has not been provided with a statement of the reasons for which he has been denied parole especially in light of his work ethic and the arbitrary actions of the Board. " 'To prevail on an equal protection claim, a plaintiff must present evidence that s/he has been treated differently from persons who are similarly situated.' " Renchenski v. Williams, 622

3

F.3d 313, 337 (3d Cir. 2010)(internal citation omitted), cert. denied 563 U.S. 956 (2011). Clearly, as discussed above, Allen was aware of the reasons why his parole was either revoked or denied, and he cannot demonstrate that he has been treated any differently from other similarly situated individuals. For this reason, there is no demonstration of an equal protection violation.

Because the petitioner has failed to demonstrate that any action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of those determinations he is not entitled to relief here. For this reason the petition of Robert Lee Allen for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

s/ Robert C. Mitchell
United States Magistrate Judge

Filed: January 19, 2016